IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIMBERLY C.,                               *
                                           *
                  Plaintiff,               *
                                           *
        vs.                                *        Civil Action No.   ADC-20-2775
                                           *
KILOLO KIJAKAZI,                           *
Acting Commissioner,                       *
Social Security Administration             *
                                           *
                  Defendant.               *
                                           *
        * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On September 24, 2020, Kimberly C. ("Plaintiff") petitioned this Court to review the Social
Security Administration's ("SSA") final decision to deny her claim for Disability Insurance
Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1 ("the
Complaint"). Plaintiff and Defendant filed motions for summary judgment (ECF Nos. 16, 18) on
August 9, 2021 and October 8, 2021, respectively.[1] After considering the Complaint and the
parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the
reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED,
Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED, and the SSA's decision
is AFFIRMED.

## PROCEDURAL HISTORY

On March 6, 2017, Plaintiff filed a Title II application for DIB, alleging disability since
March 1, 2017, which was later amended to December 1, 2017. ECF No. 12-3 at 16. Her claim

[1] On October 29, 2021, this case was assigned to United States Magistrate Judge A. David
Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302.
*See* ECF Nos. 3, 5.

was denied initially on October 13, 2017 and upon reconsideration on May 23, 2018. *Id.* Subsequently, Plaintiff filed a written request for a hearing, and on September 11, 2019, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On November 25, 2019, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 27–28. Plaintiff requested a review of the ALJ's determination, which the Appeals Council denied on July 31, 2020. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 404.981; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On September 24, 2020, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a

2

claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is under disability where her impairments "are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The ALJ, acting on behalf of the SSA, follows a five-step sequential evaluation process to determine whether a claimant has a disability within the meaning of the Act. 20 C.F.R. § 404.1520. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is expected

3

either to result in death or to last for a continuous twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is considered disabled.

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ then evaluates the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest with greater severity than is shown by objective medical evidence alone. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider the claimant's daily activities, treatments she has received for her symptoms, medications,

4

and any other factors contributing to functional limitations. *Id.* at *3. The ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a claimant's subjective evidence of pain "improperly increase[s] [the claimant's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to perform past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. The claimant has the burden of proof during steps one through four of the evaluation. *See* 20 C.F.R. § 404.1520; *Radford*, 734 F.3d at 291. At step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC; and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 404.1560(c). If the claimant cannot perform other work, the claimant is disabled.

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of December 1, 2017. ECF No. 12-3 at 19. At step two, the ALJ found that Plaintiff had the following severe

5

impairments: status-post cerebrovascular accident ("CVA") with left hemiparesis, neurocognitive

disorder, bipolar disorder, depression disorder, and anxiety disorder. *Id.* At step three, the ALJ

determined that Plaintiff did not have an impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app.

1. *Id.* at 20. The ALJ determined that Plaintiff had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c)
> except the claimant can lift, carry, push and/or pull up to 50lbs
> occasionally and up to 25lbs frequently. The claimant can sit for up
> to six hours in and [sic] eight-hour workday and stand and/or walk
> for up to six hours in an eight-hour workday. The claimant can
> frequently climb ramps or stairs, but cannot climb ladders, ropes, or
> scaffolds. The claimant can frequently balance. The claimant should
> avoid concentrated exposure to uneven terrain or to hazards such as
> moving machinery or unprotected heights. The claimant should
> avoid concentrated exposure to fumes, dusts, odors, gases, poor
> ventilation, and other pulmonary irritants. The claimant can perform
> simple routine tasks and have occasional contact with co-workers
> and the general public.

*Id.* at 22. At step four, the ALJ then found that Plaintiff was unable to perform any past relevant

work. *Id.* at 26. Finally, at step five, the ALJ found that there were "jobs that exist in significant

numbers in the national economy that [Plaintiff] can perform," after considering her age,

education, work experience, and RFC. *Id.* Thus, the ALJ concluded that Plaintiff "has not been

under a disability, as defined in [the Act]" from December 1, 2017 through November 25, 2019,

the date of the ALJ's decision. *Id.* at 27.

## DISCUSSION

Plaintiff raises two arguments on appeal: (1) the ALJ's RFC determination was not

supported by substantial evidence because she failed to provide evidence to support that Plaintiff

was capable of performing medium work; and (2) the ALJ's step three determination was also not

supported by substantial evidence because the evidence on record supports more than a mild

limitation in concentrating, persisting, or pace. ECF No. 16-1 at 9–23. I conclude that Plaintiff's arguments are without merit.

## A. The ALJ's RFC Determination

In determining RFC specifically, the ALJ must consider the entire record, including opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. § 404.1545(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *1 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). "The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). "[T]he [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess [her] work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio*, 780 F.3d at 636 (footnote and citation omitted) (quoting SSR 96-8p, 1996 WL 374184). The United States Court of Appeals for the Fourth Circuit, however, found that a per se rule requiring remand is inappropriate simply because an ALJ does not perform "an

explicit function-by-function analysis," explaining "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Remand may be appropriate, however, "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citations omitted). The ALJ must "build an accurate and logical bridge" between the evidence of record and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). *See Deborah P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019).

The ALJ's assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed.Reg. 34,474, 34,478 (July 2, 1996)). In *Woods v. Berryhill*, the Fourth Circuit concluded that while the ALJ determined the plaintiff could perform medium work and summarized the supporting evidence, he "never explained how he concluded—*based on this evidence*—that Woods could actually perform the tasks required by 'medium work." 888 F.3d 686, 694 (4th Cir. 2018) (citing SSR 83–10, 1983 WL 31251, at *6 (Jan. 1, 1983) (emphasis in original)). The ALJ thus failed to build an "accurate and logical bridge" from the evidence to his conclusion. *Id.*

Plaintiff's argument centers on the ALJ's determination that she is capable of performing medium work. ECF No. 16-1 at 11. Medium work, as defined by 20 C.F.R. § 404.1567(c), "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." Thus, the question for this Court is whether the ALJ built an accurate and logical bridge between the evidence in the record and Plaintiff's ability to perform medium

work. *See Woods*, 888 F.3d at 694. I conclude that she did. In her narrative discussion, the ALJ

cited to March 2017 notes from Plaintiff's doctor that she was recovering well from her stroke and

an October 2019 report by Plaintiff that she did not have any symptoms of weakness or declining

health. ECF No. 12-3 at 23. When discussing the persuasiveness of the state agency medical

consultants' opinions, the ALJ also noted medical imaging of Plaintiff's lumbar spine that showed

"no fracture, no prominent osteophyte production, normal body height, maintained intervertebral

disk heights, and only trace anterolisthesis of L5 on S1," as well as reports from providers that she

ambulated with a normal gait. *Id.* at 24. This evidence builds the bridge between Plaintiff's medical

records and the medium work finding.

Plaintiff does not challenge the medical records cited by the ALJ, but instead argues that

the ALJ was "playing doctor" in making her RFC determination. ECF No. 16-1 at 12–13. Plaintiff

contends that because neither she nor her providers said she could perform such work, the ALJ

had no basis concluding she could. *Id.* at 13. However, such an argument is contrary to the

evaluation process. The ALJ is tasked with reviewing "all of the relevant medical and other

evidence" to determine Plaintiff's RFC. 20 C.F.R. § 404.1545(a)(3). Plaintiff bears the burden of

"providing the evidence [the ALJ] will use" to determine her RFC. *Id.* The ALJ here reviewed the

evidence in the record and cited to evidence to support her conclusion. Plaintiff's argument that

the Court should disregard the ALJ's finding in light of other evidence (or, more accurately here,

non-evidence) is merely a request to reweigh evidence. *See Hancock*, 667 F.3d at 472. The ALJ's

RFC determination was thus supported by substantial evidence, and remand is not proper.

**B. The ALJ's Step Three Determination**

In its review, this Court does not "undertake to reweigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* (quoting

*Johnson,* 434 F.3d at 653). *See Ladda v. Berryhill,* 749 F.App'x 166, 171 n.3 (4th Cir. 2018) (explaining that while the ALJ "cannot simply cherrypick facts to support a finding of nondisability while ignoring evidence that points to a disability finding," the Court also may not substitute its judgment for the ALJ (citations omitted)). "Where conflicting evidence allows reasonable minds to differ as to whether [Plaintiff] is disabled," the Court defers to the ALJ's decision. *Hancock,* 667 F.3d at 472. *See Shinaberry v. Saul,* 952 F.3d 113, 123 (4th Cir. 2020).

Here, the ALJ again identified substantial evidence in the record to support her conclusion that Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace. The ALJ identified that Plaintiff's Function Report showed that "she could concentrate, persist, and maintain pace long enough to prepare light meals, drive a vehicle, grocery shop, dust her house, do laundry, clean dishes, pay bills, count change, handle a savings account, and use a checkbook/money order," and that multiple treatment providers documented Plaintiff's "good/intact concentration." ECF No. 12-3 at 21. While Plaintiff contends that the evidence supports "extreme limitations with maintaining attention and concentration for extended periods," *see* ECF No. 16-1 at 19, the ALJ still identified substantial evidence in the record—Plaintiff's daily activities, her own report of her abilities, and the opinions of treatment providers—to support her conclusion that the limitation was mild.[2] Accordingly, the ALJ's step three analysis was supported by substantial evidence, and remand is not warranted.

---

[2] Plaintiff contends that the ALJ failed to consider the extent to which Plaintiff could perform her daily activities, citing to *Woods v. Berryhill.* The Fourth Circuit in *Woods* challenged how the ALJ relied on the plaintiff's ability to engage in daily living activities, but ignored her limitations that affected those same activities. 888 F.3d at 694. Plaintiff does not present such evidence here: she provides a singular citation to the record identifying that "multiple medical providers also documented that the Plaintiff had 'Impaired' attention span and concentration." ECF No. 16-1 at 21. Moreover, Plaintiff does not challenge the evidence upon which the ALJ relied. As such, this argument is not compelling.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED, and the decision of the SSA is AFFIRMED.

Date: 22 November 2021

A. David Copperthite
United States Magistrate Judge

11